**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **INTEGRITY GYMNASTICS &** | : | |
| **PURE POWER CHEERLEADING,** | : | **Case No. 2:10-CV-440** |
| **LLC,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | |
| **UNITED STATES CITIZENSHIP AND** | : | |
| **IMMIGRATION SERVICES,** *et al.*, | : | **MAGISTRATE JUDGE KEMP** |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on Defendant United States Citizenship and

Immigration Services' Motion for Summary Judgment, (Doc. 37), and Plaintiff Integrity

Gymnastics & Pure Power Cheerleading, LLC's Cross-Motion for Summary Judgment,

(Doc. 38).  Plaintiff Integrity Gymnastics & Pure Power Cheerleading, LLC ("Integrity

Gymnastics" or "Plaintiff") brings this action against United States Citizenship and

Immigration Services ("USCIS"), challenging the agency's denial of an I-140 immigrant

visa petition that Plaintiff filed on behalf of Natalia Vasilievna Laschonava.[1]  Defendant

moves for summary judgment, asking this Court to affirm the agency's decision;

Plaintiffs likewise move for summary judgment asking the Court to reverse.  After

careful consideration, this Court **DENIES** Plaintiff's Motion for Summary Judgment,

(Doc. 38), and **GRANTS** Defendant's Motion for Summary Judgment, (Doc. 37).

---

[1] The Court notes that Ms. Laschonava's name is spelled differently in Plaintiff's and Defendant's briefing
on this matter.  A variety of spellings also are presented throughout the administrative record.  The Court
presumes that Plaintiff knows and spells properly its employees name, and therefore, for the purposes of
this Opinion and Order, adopts the spelling used by Plaintiff.

# I.     BACKGROUND

## A.     Factual Background

Plaintiff, Integrity Gymnastics, is a gymnastics and cheerleading training facility located in Plain City, Ohio.  Plaintiff moves this Court to overturn the decision of USCIS denying a petition for permanent residence that Plaintiff filed on behalf of Natalia Laschonava.  (*Certified Administrative Record*, Doc. 24, at PageID 1670).  Laschonava is a native of the former Union of Soviet Socialist Republics ("U.S.S.R.").  She was born in what is now the country of Latvia and deemed a citizen and national of the Republic of Belarus at the time of her entry into the United States.  (*Id*. at 1908).

In 1988, Laschonava was a gymnast on the Soviet Union national team, for which she received an Olympic gold medal in women's gymnastics.  (*Id*. at 1719-27).  Laschonava has not competed as a gymnast since 1991.  (*Id*. at 1139).  In 1999, Laschonava entered the United States in H-1B non-immigrant (temporary) status to work as a gymnastics coach for Southern Tier Gymnastics in Endwell, New York.  (*Id*. at 1141, 1907, 1913).  In 2004, Laschonava extended her H-1B status and began working as a gymnastics coach for Camden Gymnastics Inc. in Brunswick, Georgia.  (*Id*. at 1910-11).  In 2006, Laschonava again extended her H-1B status and began working for Plaintiff Integrity Gymnastics as the "Optional Girls Team" gymnastics coach.  (*Id*. at 1668-69, 1909).

## B.     Plaintiff's I-140 Petition

On June 12, 2007, seeking to permanently employ Laschonava as a gymnastics coach, Plaintiff filed a Form I-140 Immigrant Petition for Alien Worker ("I-140 petition") on her behalf.  The I-140 petition requested a visa allowing Laschonava

permanent residence in the United States as an "alien of extraordinary ability" pursuant to § 203(b)(1)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1153(b)(1)(A).  (*Id*. at 586-89).  Plaintiff maintains that it filed its petition based on Laschonava's extraordinary ability "in gymnastics."  Defendant, on the other hand, contends that Plaintiff sought Laschonava's certification as an alien of extraordinary ability based on her extraordinary ability "as a gymnastics coach."  The letter attached to Plaintiff's position states that "[Integrity Gymanstics] wish[es] to sponsor Ms. Laschonava (*sic*) for permanent residence in the position of Optional Girls Team Coach," and goes on to discuss the reasons it believes Laschonava is "well qualified to fill this position."  (*Id*. at 1670-71).

In support of their I-140 petition, Plaintiff submitted:  (1) evidence of Laschonava's 1988 team Olympic gold medal; (2) media articles about Laschonava's awards and achievements as a gymnast; (3) Laschonava's resume; (4) evidence of Laschonava's gymnastics coaching experience in Belarus; (5) media articles about Laschonava as a gymnastics coach; (6) evidence of the accomplishments of some of the gymnasts coached by Laschonava; and, (7) letters in support of her I-140 petition from various people in the field of gymnastics.  (*Id*. at 1718-1905).

On October 1, 2008, USCIS issued to Integrity Gymnastics a request for evidence ("RFE") on the I-140 petition.  (*Id*. at 1558-59).  The RFE first noted that the I-140 Petition indicated that a visa was sought for Laschonava "to come to the United States to function as a coach of gymnastics."  It then requested that the company provide additional evidence of Laschonava's eligibility for classification as an alien of extraordinary ability, specifically:  that she "has sustained national or international

3

acclaim as a coach of gymnasts." (*Id*. at 1559).  On November 11, 2008, in response to

the RFE, Plaintiff submitted additional evidence to USCIS Laschonava's behalf.  (*Id*. at

1560-1655).  On January 20, 2009, after a timely response to the request for additional

evidence, the Director of the Nebraska Service Center ("NSC") of the USCIS denied

Plaintiff's I-140 petition.  (*Id*. at 1474-77).  On February 19, 2009, Plaintiff filed a motion

to reopen/ reconsider the decision.  (*Id*. at 1467).  USCIS denied Plaintiff's motion to

reopen/ reconsider on March 25, 2009.  (*Id*. at 1464-66).  On April 20, 2009, Plaintiff

appealed USCIS's decision to deny the I-140 petition to the USCIS Administrative

Appeals Office ("AAO"). (*Id*. at 1347).  On January 12, 2010, AAO upheld the agency's

decision, affirming the denial of Plaintiff's I-140 petition.  (*Id*. at 1333-46).

On May 19, 2010, Integrity Gymnastics filed the present action in this Court,

seeking review of the AAO's decision under the Administrative Procedure Act ("APA").

(*See Compl*., Doc. 1).  On June 23, 2010, however, the AAO re-opened its initial

administrative decision denying the I-140 petition, pursuant to 8 C.F.R. § 103.5(a)(5)(ii).

(Doc. 24 at PageID 1108).  On August 21, 2010, Integrity Gymnastics submitted briefing

and additional evidence of Laschonava's claimed eligibility for classification as an alien

of extraordinary ability to the AAO.  (*Id*. at 1114- 1324).  On January 26, 2011, after

conducting a *de novo* review of all of the evidence before it, the AAO affirmed its initial

decision and upheld denial, for the second time, of Plaintiff's I-140 petition.  (*Id*. at 1077-

1104).  On February 28, 2011, Plaintiff filed an Amended Complaint before this Court

seeking APA review of the AAO's latest I-140 denial decision.  (*See Pl.'s Am. Compl*.,

Doc. 19).  Plaintiff asserts that the AAO's January 26, 2011 decision constitutes the

agency's final decision and, accordingly, is the decision subject to judicial review.  (*Id*.).

### C.    Present Procedural Posture

Both parties move the Court for summary judgment in their favor. In Defendant's motion, it asks this Court to affirm the agency's denial of Plaintiff's I-140 petition on behalf of Laschonava. (Doc. 37). Plaintiffs, on the other hand, request summary judgment reversing the agency's decision. (Doc. 38). This matter is briefed and ripe for review.

## II.    STANDARD OF REVIEW

### A.    Summary Judgment

Federal Rule of Civil Procedure 56 provides, in relevant part, that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." The nonmoving party must then present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient to survive the motion; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *see also Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir.1995). The standard of review for cross-motions for summary judgment "does not differ from the standard applied when a motion is filed by only one party to the litigation." *United States S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013).

## B.     Review under the Administrative Procedure Act

Under the Administrative Procedure Act ("APA"), when a district court is reviewing final agency action, the usual rules governing summary judgment do not apply. *See City of Cleveland v. Ohio*, 508 F.3d 827 (6th Cir. 2007); *North Carolina Fisheries Ass'n, Inc. v. Gutierrez*, 518 F.Supp.2d 62 (D.D.C. 2007). Instead, a district court's review is limited to whether the agency's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(a) ("The reviewing court shall ... hold unlawful and set aside agency action, findings, and conclusions found to be—arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."); *see also Simms v. National Highway Traffic Safety Admin.*, 45 F.3d 999, 1003 (6th Cir. 1995). A determination of whether an agency's action was arbitrary, capricious, or an abuse of discretion must be made on the basis of the administrative record. *See* 5 U.S.C. § 706 ("the court shall review the whole record or those parts of it cited by a party"); *see also Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 734, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985); *Camp v. Pitts*, 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973); *Tongatapu Woodcraft Hawaii Ltd. v. Feldman*, 736 F.2d 1305, 1308 (9th Cir.1984); *Sierra Club v. Dombeck*, 161 F.Supp.2d 1052, 1064 (D.Ariz. 2001) (finding that when "reviewing administrative agency decisions, the function of the district court is to determine whether or not as a matter of law, evidence in the administrative record permitted the agency to make the decision it did.") (citation omitted).

Review under the arbitrary and capricious standard is narrow; the reviewing court may not substitute its judgment for that of the agency even if the court might otherwise

disagree with the agency's decision. *Marsh v. Oregon Natural Resources Council*, 490 U.S. 360, 376, 109 S.Ct. 1851, 104 L.Ed.2d 377 (1989); *Simms*, 45 F.3d at 1003. An agency's decision is "arbitrary and capricious" when:

> the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicles Mfrs. Assoc. v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983). Moreover, "[a]gency action is 'not in accordance with the law' when it is in conflict with the language of the statute relied upon by the agency." *City of Cleveland v. Ohio*, 508 F.3d 827, 838 (6th Cir. 2007) (citing 5 U.S.C. § 706(2)(A); *Chevron v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *Holland v. Nat'l Mining Assoc.*, 309 F.3d 808, 815 (D.C.Cir.2002)).

The Court's task is not to substitute its judgment for that of the agency. *Natural Res. Def. Council*, 658 F.3d at 215 (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971)). Rather, the Court should determine whether the agency has "considered the pertinent evidence, examined the relevant factors, and articulated a satisfactory explanation for its action." *Noroozi v. Napolitano*, 905 F. Supp. 2d 535, 541 (S.D.N.Y. 2012) (citing *J. Andrew Lange, Inc. v. FAA,* 208 F.3d 389, 391 (2d Cir. 2000)).

An agency's factual findings are reviewed under the 'substantial evidence' standard. *See Steeltech, Ltd. v. United States E.P.A.* 273 F.3d 652, 656-57 (6th Cir. 2001). Under the substantial evidence standard, review is limited to determining whether

the agency's factual findings are supported by substantial evidence on the record as a whole, not whether there was substantial evidence in the record for a result other than that arrived at by the agency. *Id.* at 657 (citing *Taylor Warehouse Corp. v. NLRB,* 98 F.3d 892, 900 (6th Cir.1996) (holding that, under substantial evidence standard of review, a court may not supplant the factual findings of an agency even when an alternative finding is also supported by substantial evidence)); *see also Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir.1995) ("[A]s long as the ALJ's conclusion is supported by [substantial] evidence, we will not reverse, even if the facts permit an alternative conclusion.").

In sum, in order to survive summary judgment under the APA, the party seeking judicial review must point to facts or factual failings in the administrative record that indicate that the agency's decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. If the plaintiffs cannot do so, then the agency's decision stands. *See Forest Serv. Employees for Envtl. Ethics v. U.S. Forest Serv.*, 689 F. Supp. 2d 891, 895 (W.D. Ky. 2010) (quoting *Shenandoah Ecosystems Defense Group v. U.S. Forest Service*, 144 F.Supp.2d 542, 547 (W.D.Va. 2001)).

## III. APPLICABLE STATUTE & REGULATIONS

Plaintiff challenges Defendant's denial of an I-140 immigrant visa petition filed under § 203(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1153(b), filed by Plaintiff on behalf of Natalia Vasilievna Laschonava, seeking Laschonava's classification as an alien of extraordinary ability. Section 203(b) governs preference visas for aliens of "extraordinary ability." It states, in pertinent part:

(b) Preference allocation for employment-based immigrants

…

(1) Priority workers

Visas shall first be made available. . . to qualified immigrants who are aliens described in any of the following subparagraphs (A) through (C):

(A) Aliens with extraordinary ability

An alien is described in this subparagraph if--

> (i)    the alien has extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation,

> (ii)    the alien seeks to enter the United States to continue work in the area of extraordinary ability, and

> (iii)    the alien's entry into the United States will substantially benefit prospectively the United States.

8 U.S.C.A. § 1153.  The statute itself does not define "extraordinary ability"; regulations promulgated by USCIS, however, define the term as "a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor."  8 C.F.R. § 204.5(h)(2).

An I-140 petition for an alien of extraordinary ability under § 203(b) "must be accompanied by evidence that the alien has sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise."  8 C.F.R. § 204.5(h)(3).  The alien can meet this requirement by providing "evidence of a one-time achievement," defined as "a major, international recognized award."  *Id.*  Alternatively, the alien can meet this requirement by providing qualifying evidence in at least three of the following ten evidentiary categories:

      (i)     Documentation of the alien's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;

      (ii)    Documentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields;

      (iii)   Published material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought. Such evidence shall include the title, date, and author of the material, and any necessary translation;

      (iv)   Evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought;

      (v)    Evidence of the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field;

      (vi)   Evidence of the alien's authorship of scholarly articles in the field, in professional or major trade publications or other major media;

      (vii)   Evidence of the display of the alien's work in the field at artistic exhibitions or showcases;

      (viii)  Evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation;

      (ix)   Evidence that the alien has commanded a high salary or other significantly high remuneration for services, in relation to others in the field; or

      (x)    Evidence of commercial successes in the performing arts, as shown by box office receipts or record, cassette, compact disk, or video sales.

8 C.F.R. § 204.5(h)(3).

      Moreover, a threshold requirement for classification as an alien of extraordinary ability is that the alien worker must demonstrate will continue working in the area of her

extraordinary ability in the United States.  8 U.S.C. 1153(b)(1)(A)(II); 8 C.F.R. 204.5(h)(5).

## IV.    ANALYSIS

Defendant argues it is entitled to summary judgment because USCIS's decision to deny Plaintiff's I-140 petition properly interpreted the relevant statute "consistent with the governing regulations and Congress's intent to establish the [alien of extraordinary ability] immigrant visa category as highly restrictive."  Thus, Defendant argues the Court should uphold the agency's determination.

Plaintiff, on the other hand, argues that it presented sufficient evidence to demonstrate that Laschonava "meets and exceeds" the statutory requirements for receipt of an extraordinary ability visa and that the USCIS erred when it denied Plaintiff's petition by employing an "analysis of the law that was arbitrary and capricious." Accordingly, Plaintiff insists that it is entitled to summary judgment reversing the agency's final decision and granting the I-140 visa to it on behalf of Laschonava.

### A.    AAO's January 26, 2011 decision

In its January 26, 2011 decision, the AAO, for the second time, upheld the director's decision that the petitioner had not established Laschonava's requisite extraordinary ability, and failed to submit extensive documentation of her sustained national or international acclaim as a coach.  (Doc. 24-1 at 2).  AAO began its decision by noting that "Congress set a very high benchmark for aliens of extraordinary ability by requiring through the statute that the petitioner demonstrate the alien's 'sustained national or international acclaim' and present 'extensive documentation' of the alien's achievements."  (*Id*. (citing INA § 203(b)(1)(A)(i) and 8 C.F.R. § 204.5(h)(3))).

AAO first discussed the requirement under § 203(b)(1)(A)(ii) and 8 C.F.R. § 204.5(h)(5) that an alien seeking an extraordinary ability visa must continue to work in her area of expertise in the United States.  (*Id*. at 3).  Because the record reflected that Laschonava had worked as a gymnastics coach since her arrival in the United States in 1999, and because Integrity Gymnastics sought the employment visa on her behalf in order to employ her "in the position of Optional Girls Team Coach," AAO determined that Laschonava intended to work in the area of gymnastics coaching.  Correspondingly, the area of gymnastics coaching was the "area" in which her expertise and "extraordinary ability" needed to be demonstrated.

The AAO recognized that "a competitive gymnast and a coach may share knowledge of the sport," but also found that "the two rely on very different sets of basic skills," and thus concluded that "competitive athletics and coaching are not the same area of expertise."  (*Id*. (citing *Lee v. I.N.S.*, 237 F.Supp.2d 914 (N.D. Ill. 2002) in support)).  Even so, AAO determined that "the beneficiary's competitive accomplishments as a gymnast are not completely irrelevant and will be given consideration."  It recognized "that there exists a nexus between playing and coaching a given sport" necessitating "a balanced approach…when reviewing the evidence in the aggregate in the final merits determination."  (*Id*. at 3-4).  Ultimately, however, AAO emphasized that, under 8 C.F.R. § 204.5(h)(5), which requires "clear evidence that the alien is coming to the United States to continue work in the area of expertise," Plaintiff must prove that Laschonava satisfies the statutory and regulatory standards of  § 203(b)(1)(A)(ii) and 8 C.F.R. §§ 204.5(h)(2), (3), and (4) respectively, through her achievements as a coach.  (*Id*.).

In its analysis, AAO discussed first the evidence Integrity Gymnastics put forward of a "major, internationally recognized award," under 8 C.F.R. § 204.5(h)(3): Laschonava's Olympic team gold medal, won at the 1988 Olympics when she competed as a member of the U.S.S.R.'s women's gymnastics team.  (*Id*. at 6).  In light of its previous interpretation of the governing statute and regulations as requiring the alien's national or international acclaim to be sustained in the area of expertise in which she sought to continue working, AAO concluded that "the Olympic team told medal that [Laschonava] earned as a *gymnast* is not evidence of her sustained national or international acclaim as a *coach*, the occupation and area of expertise in which she seeks to continue work in the United States."  (*Id*. (emphases added)).

AAO went on to consider evidence submitted by Integrity Gymnastics of Laschonava's eligibility for an extraordinary ability visa under certain subsections of 8 C.F.R. § 204.5(h)(3) as alternative evidence that she had sustained national or international acclaim in the area of gymnastics coaching.  Specifically, AAO considered evidence Integrity Gymnastics presented under the following evidentiary categories:  § 204.5(h)(3)(i) (nationally or internationally recognized prizes or awards for excellence in the field of endeavor); § 204.5(h)(3)(ii) (membership in associations requiring outstanding achievements in the field of endeavor); § 204.5(h)(3)(iii) (published material about the alien relating to the alien's work in the field); § 204.5(h)(3)(vii) (display of alien's work in the field at artistic exhibitions or showcases); § 204.5(h)(3)(viii) (evidence of alien's leading or critical role for organization or establishment with distinguished reputation); and  § 204.5(h)(3)(ix) (evidence alien commanded a high

salary in relation to others in field).[2]  AAO found that Integrity Gymnastics did not submit the requisite evidence to meet any of the criterion under which it claimed Laschonava's eligibility.

AAO also noted that on appeal Plaintiff did not claim that Laschonava met the evidentiary criterion under 8 C.F.R. § 204.5(h)(3)(iv) (participation as judge of the work of others in the field of endeavor), nor did it challenge any of AAO's findings on that criteria in the AAO's initial decision filed on January 12, 2010.  Despite that, AAO still reviewed its initial decision on Plaintiff's evidence presented under § 204.5(h)(3)(iv) and ultimately agreed with the prior determination that Plaintiff failed to submit any primary, contemporaneous evidence supporting this criteria or the requisite documentation supporting the use of secondary evidence (allowed in certain instances where primary evidence does not exist).  (*Id*. at 13 (citing evidentiary standards under 8 C.F.R. §§ 103.2(b)(1), (b)(2)(i)).

For these reasons, AAO ultimately found that Integrity Gymnastics failed to demonstrate by a preponderance of the evidence that Laschonava seeks to enter the United States to continue work in her area of extraordinary ability, has achieved sustained national or international acclaim as a gymnastics coach, and that she is one of the small percentage who has risen to the very top of the field of endeavor.  (*Id*. at 2).   AAO then concluded that the I-140 petition was properly denied.

---

[2] AAO considered Plaintiff's evidence under §§ 204.5(h)(3)(vii) and (viii) despite the fact that it had not previously claimed eligibility under either criterion in the previous administrative proceedings.  (Doc. 24-1 at 12-14).

**B.      Whether the Agency's Decision was Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law**

As discussed, *see* Part II.B *supra*, under the APA, this Court may only reverse final agency action when it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, defined as:  reliance on factors that Congress has not intended the agency to consider, failure to consider an important facet of the problem or offering reasoning for the decision that runs counter to the evidence before it, making a decision that is so implausible that it could not be ascribed to a difference in view or the product of the agency expertise, or making a decision that is in conflict with the language of the statute relied upon by the agency.  *See* 5 U.S.C. § 706; *Motor Vehicles Mfrs. Assoc.*, 463 U.S. at 43; *City of Cleveland*, 508 F.3d at 838.  The Court will discuss Plaintiff's arguments *seriatim*.

*1.      Area of Extraordinary Ability*

Plaintiff first challenges USCIS's decision to review its petition as seeking to certify Laschonava as an alien of extraordinary ability in, and seeking to continue working in, the area of gymnastics coaching, instead of in the area of gymnastics, generally.  Plaintiff argues that USCIS's distinction "between workers entering the country to compete in athletics and workers entering the country to coach in athletics is so narrow [that it rises] to the level of an abuse of discretion."  How the "area" of extraordinary ability is defined is of central importance because a party seeking an extraordinary ability classification must present extensive evidence of sustained national or international acclaim in that area in order to qualify for a visa.   In this case, for example, the agency found that Plaintiff did not present sufficient evidence to demonstrate evidence of Laschonava's sustained national or international acclaim as a

*coach*, as opposed to in the area of gymnastics more broadly, in part because much of the evidence Plaintiff presented related only to her accomplishments as a competitor.

After a thorough review of the AAO's reasoning and relevant law, this Court finds that UCSIS's interpretation of "area of extraordinary ability" was not an abuse of discretion and therefore, is binding on this Court.

USCIS's finding that Plaintiff must prove national or international acclaim as in the area of gymnastics coaching, instead of the area of gymnastics generally, was based largely on: (1) USICIS's view that "Congress set a very high benchmark for aliens of extraordinary ability," the starting point of the agency's analysis; and (2) its determination that "competitive athletics and coaching are not the same area of expertise," citing *Lee v. I.N.S.*, 237 F.Supp.2d 914 (N.D. Ill. 2002) in support of this proposition. (Doc. 24-1 at 2-3).

In *Lee*, The Northern District of Illinois court upheld USCIS's distinction between extraordinary ability as a coach and competitor as reasonable and entitled to deference, finding that the distinction is consistent with Congress's intent to establish the extraordinary ability visa category as extremely restrictive. *See* 237 F. Supp. 2d at 917. There, the plaintiff ("Lee") sought classification as an alien of extraordinary ability to work as a professional baseball coach with the Chicago White Sox. In support of his visa petition, Lee submitted documentation of his accomplishments as a professional baseball player in Korea, which included evidence of his Korean Baseball Organization ("KBO") All-Star appearances, his Triple Crown Title, his KBO MVP Award, and his five KBO Gold Glove Awards. From this evidence, Lee argued that he satisfied the INA's threshold requirements because, although he would be coaching baseball and not playing

16

baseball, he would still be "continuing to work in his 'area' of extraordinary ability – baseball." *Id*. at 918.

The Northern District of Illinois rejected this argument and held that, consistent with the "extremely restrictive" nature of the extraordinary ability classification, the agency had reasonably interpreted the threshold requirement of 8 U.S.C. § 1153(b)(1)(A)(ii) to mean that the alien worker must "work[] in the same profession in which [he or she] has extraordinary ability, [which is] not necessarily in *any* profession in that field." *Id*. (emphasis added).

In the present case, similar to *Lee*, Integrity Gymnastics cannot dispute that it sought to employ Laschonava as a gymnastics coach – specifically, as the Optional Girls Team Coach.  (*See* Doc. 24 at PageID 1668-69, 1909).  Although *Lee* may not be binding on USCIS, it is certainly persuasive given the similarity of the facts.  Moreover, Plaintiff fails to identify any binding case precedent or other law that demonstrates that the agency's interpretation relied on factors that Congress did not intend it to consider, failed to consider an important facet of the problem, offered reasoning for its decision counter to the evidence before it, or conflicted with the language of the statute at issue.

Accordingly, based on this Court's review of the agency's reasoning, and of the relevant statutory and regulatory language and case precedent, this Court cannot say that the agency's determination that Plaintiff is required to demonstrate extraordinary ability as a gymnastics coach was arbitrary, capricious, or otherwise not in accordance with law.

Plaintiff strives to distinguish *Lee*, arguing that, unlike Lee, here Plaintiff presented evidence of Laschonava's extraordinary ability as a coach along with evidence of her ability as an athlete.  Plaintiff contends that the present case is more similar to

17

another AAO decision out of the Texas Service Center, *In re Petitioner*, AAU No. WAC 0612752482, 2007 WL 5318785 (INS) (March 8, 2007), wherein the agency considered evidence of petitioner's skill as an equestrian jumper as evidence of her extraordinary ability as a horse trainer.  Based on that decision alone, the Plaintiff insists the agency's decision that Laschonava was required to demonstrate sustained acclaim and extraordinary ability as a coach, rather than in gymnastics generally, was an abuse of discretion.

Plaintiff's argument fails.  First, the AAO stated that it would, and did, consider evidence related to Laschonava's skill as a gymnastics competitor in reviewing the totality of the circumstances.  (*See* Doc. 24-1 at 3-4 (recognizing "that there exists a nexus between playing and coaching a given sport" necessitating "a balanced approach…when reviewing the evidence in the aggregate in the final merits determination."  (*Id*. at 3-4)).  Moreover, although Plaintiff strives to distinguish *Lee*, none of the distinctions identified demonstrates to this Court that the agency's interpretation relied on factors that Congress did not intend it to consider, failed to consider an important facet of the problem, offered reasoning for its decision counter to the evidence before it, or conflicted with the language of the statute at issue.  At best, Plaintiff points to an alternate avenue of decision-making that may also be reasonable within the context of the statutory scheme of the INA.  Such evidence is insufficient to overturn agency action under the APA.  Therefore, the Court cannot find that the agency abused its discretion on this issue.

2.   *National or International Acclaim in the Field of Expertise*

Plaintiff next argues that the agency abused its discretion in finding that Plaintiff did not demonstrate by a preponderance of the evidence that Laschonava had received national or international acclaim as a gymnastics coach.

a.   One-Time Major International Recognized Award under 8 C.F.R. § 204.5(h)(3)

Plaintiff argues that evidence of Laschonava's Olympic team gold medal, received in 1988 while she was a member of the Soviet Union Olympic team, qualifies as major internationally recognized award under 8 C.F.R. § 204.5(h)(3) and therefore the agency abused its discretion by denying its I-140 visa petition.  For reasons similar to those stated in Part IV.B.1, *supra*, however, USCIS did not abuse its discretion or act arbitrarily and capriciously in making this determination.

As discussed, the agency reasonably determined, based on statutory interpretation supported by legislative history and case precedent, that the 'area' of extraordinary ability for which Plaintiff seeks to qualify Laschonava is the area of gymnastics coaching, rather than gymnastics broadly.  Therefore, it was reasonable for the agency to determine that evidence of a major international award Laschonava received as a gymnastics competitor was insufficient under 8 C.F.R. § 204.5(h)(3).  Such an interpretation was upheld by the *Lee* court and it was not an abuse of discretion for USCIS to employ similar reasoning here.

This Court is not persuaded that USCIS's decision to deny Plaintiff's I-140 petition on behalf of Laschonava was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  Again here, Plaintiff advances essentially the same arguments and relies on the same evidence already considered by the agency.

Although Plaintiff points to some additional legislative history and a factually-similar federal case that the agency did not rely upon, and attempts to distinguish the key federal case USCIS did rely upon, none of Plaintiff's arguments demonstrates that the agency abused its discretion or acted arbitrarily or capriciously.[3]  And, in fact, the agency's decision and interpretation of law is grounded in a well-reasoned interpretation of the plain language of the statute and regulations, and is supported by evidence of Congressional intent, federal precedent, and its own prior decisions.  Therefore, this Court must defer to the agency's decision.

      b.   <u>Alternative Evidentiary Requirements Demonstrating Sustained National or International Acclaim, under 8 C.F.R. § 204.5(h)(3)(i)-(x)</u>

Likewise, the agency did not abuse its discretion in finding that Plaintiff did not present sufficient evidence under at least three of the ten evidentiary categories listed in 8 C.F.R. § 204.5(h)(3)(i)-(x).

Plaintiff asserts that USCIS did not give proper weight to the "overwhelming evidence" it submitted in support of its petition that it claims demonstrated Laschonava's sustained national and international acclaim in the area of expertise under the criteria listed in 8 C.F.R. § 204.5(h)(3)(i)-(x).  In support of its petition, Plaintiff submitted evidence of:  (1) evidence of Laschonava's 1988 team Olympic gold medal; (2) media articles about Laschonava's awards and achievements as a gymnast; (3) Laschonava's

---

[3] Plaintiff contends that the agency should have followed the reasoning of *Buletini v. INS*, 860 F.Supp. 1222 (E.D. Mich. 1994).  In *Buletini*, petitioner sought classification as an alien of extraordinary ability in the sciences under 8 U.S.C. § 1153(b)(1)(A)(i)-(iii).  The court reversed the agency's decision, finding that the agency had improperly denied the petition.  Specifically, the court determined that  the statute did not demand that the alien's extraordinary ability be narrowed to a specific topic of scientific study or require evidence that the petitioner was seeking to continue working in the specific areas for which he had previously gained acclaim as a researcher.  860 F.Supp. at 1229-30.  Once again, although Plaintiff has identified a case that is arguably analogous to the present case, it merely presents an alternative interpretation that may also have support in law.  This is not enough to show that the agency's decision, supported by law and substantial evidence, is arbitrary, capricious, or contrary to law.

resume; (4) evidence of Laschonava's gymnastics coaching experience in Belarus; (5) media articles about Laschonava as a gymnastics coach; (6) evidence of the accomplishments of some of the gymnasts coached by Laschonava; and, (7) letters in support of her I-140 petition from various people in the field of gymnastics. She now argues that this evidence was sufficient to meet the criterion of §§ 204.5(h)(i), (ii), (iii), (vii), and (viii).

This Court has conducted a comprehensive review of the underlying evidence submitted by Plaintiff contained in the administrative record below and of AAO's reasoning in its final decision. Based on that comprehensive review, this Court cannot conclude that USCIS relied on factors that Congress did not intend it to consider, failed to consider an important facet of the problem, offered reasoning for its decision counter to the evidence before it, or conflicted with the language of the statute at issue. *See Motor Vehicles Mfrs. Assoc.*, 463 U.S. at 43; *City of Cleveland*, 508 F.3d at 838. In fact, it appears that the agency carefully weighed and considered each piece under the relevant provisions of § 204.5(h), under the proper framework, and with great attention to detail.

A careful reading of the AAO's January 26, 2011 decision reveals that the agency reviewed all of the evidence submitted by Integrity Gymnastics in support of its AEA visa petition, considered and analyzed the evidence in relation to each separate evidentiary criterion, and then conducted a "final merits determination," reviewing the totality of the evidence in aggregate, in accordance with 8 U.S.C. § 1153(b)(1)(A)(i) and 8 C.F.R. §§ 204.5(h)(2), (h)(3), based on the plain language of the statutes and regulations at issue and supporting case law. Consistent with 8 U.S.C. § 1153(b)(1)(A)(i) and 8 C.F.R. §§ 204.5(h)(2), (h)(3), this Court cannot say that the agency did not properly

weigh Plaintiff's supporting evidence.  Indeed, the agency weighed the evidence both separately, in relation to each applicable criterion, and together in the aggregate and came to the same conclusion: that the evidence failed to demonstrate that Laschonava sustained national or international acclaim as a gymnastics coach.

Further, Plaintiff has not met its burden to demonstrate any abuse of discretion; Plaintiff largely argues that it disagrees with the agency's outcome.  To be sure, there appears to be some legal support that would have justified the agency granting Plaintiff's visa petition.  But it would be inappropriate for this Court to substitute its judgment for the agency's without a showing that the decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  *See Natural Res. Def. Council*, 658 F.3d at 215.  Therefore, this Court must defer to the agency's determination.

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment, (Doc. 37), is **GRANTED**; Plaintiff's Cross-Motion for Summary Judgment, (Doc. 38), is **DENIED**.  This case is **DISMISSED**.

IT IS SO ORDERED.

___s/ Algenon L. Marbley_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  September 14, 2015**